Dear Mr. Diasselliss:
You have requested the opinion of this office on the following issues:
 1. Does the St. John the Baptist School Board (SJBPSB) have statutory authority to institute a set-aside for small and disadvantaged businesses in procurements and public works contracts?
 2. Can the SJBPSB limit the set-aside program to small or disadvantaged businesses located within St. John the Baptist Parish.
 3. If such a set-aside is instituted by the SJBPSB, can it be utilized if only one business qualifies as a small or disadvantaged business?
As a political subdivision of the state, the St. John the Baptist Parish School Board, is authorized by the provisions of La. R.S.38:2233.2E(3) to establish preferences and set-asides in its procurement procedures in accordance with the detailed requirements of that statute. Since St. John the Baptist Parish does not meet the minimum population requirement set forth in R.S. 2233.1, that statute is not available in establishing such a program.
There is no authority in Louisiana's Public Bid Law (R.S. 38:2211
and following), which is applicable to political subdivisions, for extending a preference or limiting competition to bidders located within one parish. In accord, Attorney General's Opinion 91-154. Rather, R.S. 38:2225C provides explicitly otherwise:
 C. Any local law, either by legislative act or otherwise, ordinance, or executive order enacted prior to the effective date of this Act, or enacted hereinafter in conflict with this section, or granting any local contractor or subcontractor preference over other Louisiana resident contractors shall be contrary to the provision of this section.
 D. The provisions and requirements of this section shall not be waived by any public entity. (Emphasis added.)
While there is no requirement of a minimum number of potential participants in a set-aside or preference procurement, it is unlikely that there will actually arise a situation where there is only one qualified participant, since bidders from outside the parish and even outside the state must be allowed to compete.
As a prerequisite to implementing a minority set-aside or preference program in public works or procurements, the School Board must first comply with the federal constitutional safeguards set out in the decision of the U.S. Supreme Court inCity of Richmond v. Croson, 109 S.Ct. 706 (1989).
I trust that this answers your inquiries. Please advise if we may be of further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ GLENN R. DUCOTE Assistant Attorney General
GRD:582
Mr. John L. Diasselliss, III Assistant District Attorney P.O. Box 399 Edgard, LA 70049
Date Received:
Date Released:
GLENN R. DUCOTE ASST. ATTORNEY GENERAL